## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: CV - _____

| | |
|---|---|
| Timothy Homerston,<br><br>            Plaintiff,<br>v.<br><br>Financial Recovery Services, Inc.,<br><br>            Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

### PRELIMINARY STATEMENT

1.      This action arises out of Defendant's violations of the Fair Debt Collections

Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### JURISDICTION & VENUE

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15

U.S.C. § 1692k(d).

3.      Venue is proper in this District because the acts and transactions occurred

here, Defendant is located here, and Defendant transacts business here.

### PARTIES

4.      Plaintiff Timothy Homerston (hereinafter "Plaintiff") is a natural person

who resides in the City of Sciutate, County of Providence, State of Rhode Island,

and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Financial Recovery Services, Inc. (hereinafter "Defendant") is a

corporation regularly engaged in the business of collecting debts in the state of

1

Minnesota and is a "debt collector" as that term is defined as 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.    Sometime in or about 2003, Plaintiff opened a credit card account with Sears and therefore incurred a consumer "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7.    Thereafter the debt was assigned, sold, or otherwise transferred to Defendant for collection.

8.    In or about April 2009, Defendant began to place phone calls to Plaintiff in an attempt to collect the debt.

9.    On June 1, 2009 Defendant placed three calls to Plaintiff's cellular phone in violation of 15 U.S.C. § 1692d(5).

10.    Plaintiff was able to answer the third call placed by Defendant on June 1, 2009, and spoke with Defendant's agent who identified himself as Jeff Daniels.

11.    During his conversation with Defendant's agent, Plaintiff repeatedly asked for the name of Defendant's company name.  However, Defendant's agent refused to identify on whose behalf he was calling in violation of 15 U.S.C. § 1692d(6).

12.    Plaintiff became frustrated with Defendant and eventually hung up the phone, only to be called back immediately by Defendant in violation of 15 U.S.C. §§ 1692d and 1692d(5).

13.    When Plaintiff arrived home on June 1, 2009, he telephoned Defendant from his home phone, and after speaking to an agent, was able to ascertain the identity of Defendant.

14.    After Plaintiff ended his conversation with Defendant, Defendant immediately called Plaintiff back on his home telephone in violation of 15 U.S.C. § 1692d(5).   Plaintiff did not answer the phone as he had just spoken with Defendant.

15.    Later on June 1, 2009, Plaintiff again telephoned Defendant and spoke with its agent, Phillip Ott, who told Plaintiff Defendant was seeking to collection $900 from him on Sears credit card.

16.    Defendant's agent demanded Plaintiff make a payment by check or credit card over the phone.   Plaintiff explained that he would not make a payment until he was able to gather information and/or proof regarding the alleged outstanding balance.

17.    After Plaintiff's refusal to make an immediate payment on the alleged outstanding balance, he was transferred to Defendant's agent, George Cortava, who identified himself as a supervisor, who began to exert additional pressure upon Plaintiff to make a payment by offering to settle the account at a discount of $400.

18.    Defendant's agent persisted in seeking immediate payment by check or credit card, and asked Plaintiff if he was having "cold feet," and wanted to know

why Plaintiff would not take advantage of the "discount" in violation of 15 U.S.C. §§ 1692d and 1692e(2)(A).

19.     Plaintiff explained that he did not have the money to pay and again told Defendant he wanted proof or verification of the amount Defendant alleged he owed on the Sears account.

20.     Defendant's agent persisted in pressing Plaintiff for immediate payment and asked if Plaintiff if he was "trying to hide" in violation of 15 U.S.C. § 1692d.

21.     Defendant's agent also stated that "this is America, not Cuba, so if you want to save some cash you should take the deal now.  If this was Cuba, we would be having a different conversation," in violation of 15 U.S.C. § 1692d.

22.     To date, Defendant has not provided Plaintiff with written notice of the alleged debt it is attempting to collection in violation of 15 U.S.C. § 1692g.

23.     Defendant's conduct has caused Plaintiff actual damages in the form of emotional distress, fear and anxiety.

### TRIAL BY JURY

24.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues.  US Const. amend. 7. Fed. R.Civ.P.38.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

25.     Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

26.     The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

27.     As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant:

a)  for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b)  for an award of statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)  for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d)  for such other and further relief as may be just and proper.

Dated this 1st day of October, 2009.     Respectfully submitted,


By: /s Thomas J. Lyons, Jr.

**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #0249646
Trista M. Roy, Esq.
Attorney I.D. #0387737
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommycjc@aol.com
tristacjc@aim.com

ATTORNEYS FOR PLAINTIFF

6

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF RHODE ISLAND        )
                             ) ss
COUNTY OF <u>PROVIDENCE</u>        )

        Timothy Homerston, having first been duly sworn and upon oath, deposes and says as follows:

1.  I am the Plaintiff in this civil proceeding.
2.  I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


                                        <u>/s Timothy Homerston</u>
                                        Timothy Homerston

Subscribed and sworn to before me
this 30th day of September, 2009.


<u>s/ Nvard Dedeian</u>
Notary Public